733 P.2d 639

**PICTURE ROCKS FIRE DISTRICT, a body politic, et al., Plaintiffs/Appellants,**

**v.**

**PIMA COUNTY, a body politic, et al., Defendants/Appellees.**

**No. 2 CA–CV 5762.**

Court of Appeals of Arizona, Division 2, Department A.

Nov. 18, 1986.

Review Denied Feb. 24, 1987.

**444**

John R. Moffitt, Tucson, for plaintiffs/appellants.

Bilby & Shoenhair, P.C. by Sandra S. Froman, Leonard, Felker & Parrish, P.C. by David H. Nix and Clifford B. Altfeld, Hugh A. Holub, Tucson, for defendants/appellees.

## OPINION

HOWARD, Presiding Judge.

Appellants challenge the constitutionality of Chapter 278, Laws of the Thirty-seventh Legislature, First Regular Session, 1985 (Chapter 278 or the withdrawal statute). This law allows property owners in a county having a population in excess of 250,000 but less than one million persons, according to the 1980 U.S. Decennial Census, to withdraw from fire districts when certain requirements have been met. Appellants claim that the trial court erred with respect to certain preliminary matters, in addition to erroneously upholding the law. Before reaching the constitutional issues, we dispose of these alleged errors.

The first error claimed is that the trial court wrongfully denied appellants' motion in limine to consider alternate forms of relief, in the event the statute is declared unconstitutional. This issue is moot because, as explained below, we find the withdrawal statute constitutional.

■ Next, appellants argue that the deposition of a state senator, offered as evidence of both the legislature's intent with respect to this law and individual legislators' mental processes, was erroneously excluded at trial. According to appellants, this evidence was necessary to their claim that the statute is an unconstitutional local or special law. The trial court did not err in excluding this evidence. "The rule is clearly established in Arizona that one member of a legislature which passes a law is not competent to testify regarding the intent of the legislature in passing that law." *Golder v. Department of Revenue, State Board of Tax Appeals,* 123 Ariz. 260, 265, 599 P.2d 216, 221 (1979). See also *Tucson Gas & Electric Company v.* *Schantz,* 5 Ariz.App. 511, 428 P.2d 686 (1967) ("[T]he testimony or opinions of individual members of the legislative body are not admissible.")

■ Finally, appellants claim the trial court erred in refusing to enter additional findings of fact. The parties submitted an "Agreed Statement of Facts" to the court. It is not necessary for the trial court to make findings on undisputed matters. *Gilliland v. Rodriguez,* 77 Ariz. 163, 268 P.2d 334 (1954). There was no error.

Appellees argue that appellants lack standing to challenge the constitutionality of Chapter 278. We assume, without deciding the question, that appellants have standing to pursue this action.

The claimed constitutional infirmities of Chapter 278 are: (1) It violates the Impairment of Contracts Clause of the United States Constitution; (2) it is a local or special law in violation of article 4, part 2, § 19 of the Arizona Constitution; (3) it violates the equal protection and privileges and immunities clauses of the United States and Arizona constitutions.

■ Appellants argue that Chapter 278 violates the constitutional prohibition against impairment of the obligation of contracts contained in article 1, § 10 of the United States Constitution because the revenue lost by withdrawals from the fire district may cause it to become unable to meet certain contractual obligations. For example, it may not be able to meet its payments on a new fire station and a new fire truck, and it may not be able to pay fringe benefits to its employees. This argument is totally devoid of any merit. For the purposes of the constitutional protection against impairment of contracts, the obligation of a contract is defined as the law or duty which binds the parties to perform their agreement. *Home Bldg. & Loan Ass'n v. Blaisdell,* 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934). The obligation of a contract is impaired when the legislative enactment changes the obligation in favor of one party against anoth-

er, either by enlarging or reducing the obligation. *Sammon v. Wing,* 105 Cal.App. 689, 288 P. 711 (1930). In order for a statute to offend the constitutional prohibition against the enactment of laws impairing the obligation of contracts, the statute must have the effect of rewriting antecedent contracts, that is, of changing the substantive rights of the parties to existing contracts. *Manning v. Travelers Ins. Co.,* 250 So.2d 872 (Fla.1971). It is clear that Chapter 278 does not change the obligations of any of the parties to the contracts which appellants claim are "impaired." Under appellants' concept of the prohibition against impairment of contracts, a statute raising the income tax rate might face the possibility of being declared unconstitutional because some taxpayers, because of higher taxes, cannot meet their car payments.

The main thrust of appellants' argument is that the law violates several parts of article 4, part 2, § 19 of the Arizona Constitution. Entitled "Local or special laws," § 19 states, in pertinent part:

"Section 19. No local or special laws shall be enacted in any of the following cases, that is to say:

\*      \*      \*      \*      \*      \*

9.   Assessment and collection of taxes.

\*      \*      \*      \*      \*      \*

11.   The conduct of elections.

\*      \*      \*      \*      \*      \*

13.   Granting to any corporation, association, or individual, any special or exclusive privileges, immunities, or franchises.

\*      \*      \*      \*      \*      \*

20.   When a general law can be made applicable."

■ Appellants first claim that the withdrawal statute affects both the conduct of elections and the assessment and collection of taxes. Neither claim has merit. Section 19 was enacted to prevent the state legislature from bestowing favors on preferred groups or localities. *State v. Loughran,* 143 Ariz. 345, 693 P.2d 1000 (App.1985). A

special law applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate legislative purpose. *State v. Loughran,* supra. Constitutional prohibitions against special or local laws prevent unreasonable or arbitrary discrimination in favor of a special person, class or locality. *Arizona Downs v. Arizona Horsemen's Foundation,* 130 Ariz. 550, 637 P.2d 1053 (1981).

■ The constitutional restrictions on special legislation apply to direct legislation, not to the incidental operation of statutes constitutional in themselves on subjects other than those with which they directly deal. *Stull v. Reber,* 215 Pa. 156, 64 A. 419 (1906) (statute requiring exclusion of children who have not been vaccinated for smallpox from the public schools in the several municipalities in the state did not violate constitutional prohibition against local or special legislation regulating the affairs of school districts because it is a general statute regulating public health in the several municipalities of the state and what bearing it has on school districts is altogether incidental to them as constituents of the community). Assuming arguendo that Chapter 278 constitutes a special or local law, its effect on the assessment and collection of taxes and the conduct of elections is incidental and therefore not violative of subsections (9) and (11) of § 19, quoted above.

Appellants also argue that Chapter 278 is a special law because it applies only to Pima County and only to fire districts or persons within a district when the district was formed, or the property was annexed into the district, after January 1, 1977. This, they claim, violates the constitutional prohibition against enacting a special or local law when a general law can be made applicable. They also contend that Chapter 278 grants special or exclusive privileges to the taxpayers who qualify for withdrawal from a fire district under the statute, to the exclusion of taxpayers who do not qualify due to either their county of residence, or the date the fire district was incorporated or the property annexed.

Our supreme court has held that a law is not special merely because it has a limited application. *Arizona Downs v. Arizona Horsemen's Foundation*, supra. Further, in *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955), the United States Supreme Court stated:

"Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. The legislature may select one phase of one field and apply a remedy there, neglecting the others." 348 U.S. at 489.

Although the Supreme Court was discussing a regulation within the context of equal protection, similar policies are involved when a special legislation challenge is made. *Arizona Downs v. Arizona Horsemen's Foundation*, supra. In *Illinois Polygraph Society v. Pellicano*, 83 Ill.2d 130, 46 Ill.Dec. 574, 414 N.E.2d 458, 463 (1980), quoted by the court in *Arizona Downs*, the Illinois court stated:

"Whether a law is attacked as special legislation or as violative of equal protection, it is still the duty of the courts to decide whether the classification is unreasonable...."

The issue, therefore, is whether the classifications drawn by the legislature have a rational basis. Since neither fundamental rights nor suspect classes are involved, strict scrutiny is not required. *Arizona Downs v. Arizona Horsemen's Foundation*, supra. We will uphold a statute if there is *any* conceivable rational connection between the law and a legitimate governmental interest. *Arizona Downs v. Arizona Horsemen's Foundation*, supra. There was evidence in this case that the fire districts in Pima County began to abuse the power given to them by the legislature by swallowing up huge territories in order to increase their tax base without reference to their ability to serve the areas annexed. The legislature could have concluded that Pima County was the only area within the state that needed immediate relief from abusive practices by fire districts and that a law with statewide application was not necessary. Other counties may have fewer, or less severe, problems, which will not become exacerbated because of the moratorium on annexations, imposed prior to passage of the withdrawal statute in the same legislative session. 1985 Ariz.Sess. Laws, ch. 10. Since there was a rational basis for the classifications, Chapter 278 is not a special or local law.

■ The equal protection argument advanced by appellants fails for the same reasons. Further, equal protection of the law is a right afforded citizens *other* than municipal corporations, which are specifically excluded from article 2, § 13 of the Arizona Constitution. Since fire districts are quasi-municipal corporations, *California Portland Cement Company v. Picture Rocks Fire District*, 143 Ariz. 170, 692 P.2d 1019 (App.1984), appellant fire districts do not come within the scope of this constitutional provision. Appellant taxpayers could plead a denial of equal protection if they were, in fact, denied equal treatment. However, appellants cannot claim they have been denied any rights; indeed, they could have taken advantage of the provisions of the withdrawal statute by joining together in a withdrawal petition, but chose instead to remain within the district. There is no equal protection violation.

In light of our resolution of this matter, we need not consider the other issues raised by appellees. We hold that Chapter 278 is constitutional.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.