NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

MICHAEL SNEBERGER, *Petitioner*,

*v.*

THE HONORABLE MYRA A. HARRIS, Commissioner of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Commissioner*,

CMRE FINANCIAL SERVICES, INC., a California corporation,
*Real Party in Interest*.

No. 1 CA-SA 14-0076

FILED 07-08-2014

---

Appeal from the Superior Court in Maricopa County
No. LC2013-000555-001
The Honorable Myra A. Harris, Commissioner

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

The Butler Law Firm, Phoenix
By Everett S. Butler, Matthew D. Williams
*Counsel for Petitioner*

Skarecky & Holder PA, Phoenix
By William W. Holder, Dennis J. Skarecky
*Counsel for Real Party in Interest*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Peter B. Swann joined.

**O R O Z C O**, Judge:

¶1 Michael Sneberger (Petitioner), petitions this court for special action relief from the superior court's remand to the justice court to reconsider Petitioner's attorney fee award. For the reasons discussed below, we accept special action jurisdiction, grant relief by vacating the superior court's order remanding this matter to the justice court, and remand this matter to the superior court to consider Petitioner's request for attorney fees and costs on appeal to the superior court.

## FACTS AND PROCEDURAL HISTORY

¶2 This action arises out of a billing dispute between Petitioner and Phoenix Baptist Hospital. Phoenix Baptist Hospital assigned Petitioner's debt for collection to real party in interest, CMRE Financial Services, Inc. (CMRE). CMRE filed suit in justice court seeking $1,545 -- the amount of the alleged debt. Petitioner attempted to settle the dispute; however, CMRE rejected all settlement offers.

¶3 After a trial before the justice court, Petitioner moved for judgment as a matter of law. The justice court granted Petitioner's motion. Petitioner made an offer to settle his anticipated claim for attorney fees. CMRE rejected the offer. Petitioner filed an application with justice court seeking $31,890 in attorney fees plus costs. CMRE responded to the application arguing Petitioner was not entitled to attorney fees because the fee agreement created no genuine financial obligation and Arizona Revised Statute (A.R.S.) section 12-341.01.B barred an award that created no genuine financial obligation for the requesting party. CMRE also argued Arizona case law favored a reduction of Petitioner's attorney fees request.

¶4 The justice court approved Petitioner's application and awarded Petitioner the full amount of his request. In rejecting CMRE's argument under § 12-341.01.B, the justice court stated:

> This court declines to read [A.R.S. § 12-341.01] so narrowly. Subsection B directs the making of an award "to mitigate the burden of the expense of litigation to establish a just claim <u>or a just defense</u>" . . . It is common in a [justice court] to observe a defendant lose mainly for want of adequate representation. This Court will not add to the number of such cases by adopting such a restrictive, one-sided interpretation of the statute as advocated by [CMRE].

The justice court also rejected CMRE's argument that the fees should be reduced, finding it failed to specifically challenge the amount or reasonableness of the request, as required by *Nolan v. Starlight Lines Homeowner's Ass'n*, 216 Ariz. 482, 491, ¶¶ 38-39, 167 P.3d 1277, 1286 (App. 2007).

¶5 CMRE appealed the attorney fee award to the superior court. The superior court remanded the attorney fee award to justice court. In its order, the superior court explained the fee agreement created no financial obligation for Petitioner. Moreover, the superior court held the justice court erred in (1) not considering the factors set forth in *Associated Indemnity Corp. v. Warner* (*Warner*), 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), and (2) the attorney fee award was not reasonable because it lacked sufficient detail. This petition for special action followed.

## DISCUSSION

### I. Special Action Jurisdiction

¶6 Special action jurisdiction is discretionary. *Catrone v. Miles*, 215 Ariz. 446, 450, ¶ 8, 160 P.3d 1204, 1208 (App. 2007). Jurisdiction, however, is warranted where there is no "equally plain, speedy, and adequate remedy by appeal." *See* Ariz. R.P. Spec. Act. 1(a). Generally, we lack jurisdiction over the superior court's decision in an action appealed from the justice court. *See* A.R.S. § 22-375.A (2013) (limiting this court's jurisdiction in such cases to appeals involving "the validity of a tax, impost, assessment, toll, municipal fine or statute."). Because Petitioner's challenge does not bring a case described within § 22-375.A, he lacks a remedy by appeal. Moreover, A.R.S. § 12-120.21.A.4 grants this court special action jurisdiction "without regard to its appellate jurisdiction."

¶7 Moreover, we may accept jurisdiction over a special action if a petition is predicated on an error of law. *See Abeyta v. Soos ex rel. Cnty. of Pinal*, 234 Ariz. 190, 193, ¶ 7, 319 P.3d 996, 999 (App. 2014). Here,

Petitioner argues the superior court erred when it remanded the justice court's attorney fee award for specific findings in accordance with *Warner*.[1]

**¶8**         Accordingly, in the exercise of our discretion, we accept special action jurisdiction.

II.     Award of Attorney Fees

**¶9**         An award of attorney fees is left to the discretion of the trial court. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18, 99 P.3d 1030, 1035 (App. 2004). On appeal, an award of fees should not be reversed unless there is no reasonable basis for it. *Id.*

**¶10**        Petitioner argues the superior court erred for various reasons in remanding the case to the justice court. The petition challenges the superior court's (1) requirement that the justice court consider the *Warner* factors and (2) finding that Petitioner's attorney fee application contained an unreasonable amount of hours billed or work expended. In its response, CMRE does not address the issues raised by Petitioner. A respondent's failure to address debatable issues may constitute a confession of error. *See Caretto v. Ariz. Dep't of Transp.*, 192 Ariz. 297, 303, ¶ 25, 965 P.2d 31, 37 (App. 1998); *see also Welch v. Super. Ct. In and For Maricopa Cnty.*, 21 Ariz. App. 131, 132, 516 P.2d 587, 588 (1973) (applying confession of error in the special action setting). We elect to address Petitioner's arguments, notwithstanding CMRE's failure to respond to those arguments.

        A.     Consideration of the *Warner* Factors

**¶11**        A trial court has discretion to award reasonable attorney fees in contract actions, pursuant to A.R.S. § 12-341.01. Here, Petitioner argues the superior court erred when it remanded case to the justice court for it to "consider a reasonable charge for [Petitioner's] counsel's services. . . after due consideration of the factors identified in [*Warner*]." We agree.

---

[1]     In its response, CMRE's sole argument is that A.R.S. § 12-341.01.C bars an attorney fee award in this case. Based on its arguments, however, we believe that CMRE intended to cite to A.R.S. § 12-341.01.B. However, Petitioner did not raise this issue, and thus we find the issue non-responsive. Also, because we find nothing wrong with the Petitioner's fee agreement, we do not address it.

¶12        In *Warner*, the supreme court listed several factors it deemed useful in assisting a trial court in determining whether to award attorney fees under A.R.S. § 12-341.01. *See* 143 Ariz. at 570, 694 P.2d at 1184. These factors include: (1) the merits of the unsuccessful party's claim; (2) the extent to which the litigation could have been avoided or settled and the "successful party's efforts were completely superfluous in achieving the result"; (3) assessing attorney fees would cause an extreme hardship for the unsuccessful party; (4) "the successful party did not prevail with respect to all relief sought"; (5) the novelty of the legal issue presented by the parties; and (6) whether a fee award will "discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues . . . ." *Id.*

¶13        The statute does not create an obligation for a court to make specific findings based on the *Warner* factors, although doing so constitutes a "better practice." *Id.* at 571, 694 P.2d at 1185. Accordingly, a court is under no obligation to make specific findings to support an award of attorney fees. *See, e.g., Hawk v. PC Vill. Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 21, 309 P.3d 918, 924 (App. 2013).

¶14        In its order, the justice court explained that it considered "[Petitioner's] Application for [Attorney] Fees and Costs, Statement of Costs, the supporting documents, and the parties' arguments." In Petitioner's Application for Attorney Fees, Petitioner specifically analyzed each of the *Warner* factors. Also, in its response, CMRE concedes the justice court considered the *Warner* factors. Therefore, we find the superior court erred when it remanded the case to the justice court for consideration of the *Warner* factors.

        B.        Reasonableness of Attorney Fees

¶15        Petitioner next argues that the superior court erred when it remanded the case to the justice court for a determination of reasonable attorney fees consistent with its decision. Specifically, the superior court found Petitioner's fee application contained instances of block billing, and the application failed to make a "showing the fee was based on a reasonable number of hours – particularly in light of the de minimus value of the claim when compared to the total fee charged." However, as Petitioner correctly points out, CMRE has waived this argument.

¶16        An application for attorney fees must contain detail sufficient to allow the court to determine the reasonableness of the time spent. *Orfaly*, 209 Ariz. at 266, ¶ 23, 99 P.3d at 1036. It is well settled that

the reasonableness of an attorney's time is demonstrated through an affidavit indicating "the type of legal services provided, the date the service was provided, the attorney providing the service, . . . and the time spent providing the service." *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188, 673 P.2d 927, 932 (App. 1983). Once this preliminary showing is met, the burden shifts to the party challenging the fees. *See Nolan*, 216 Ariz. at 491, ¶ 38, 167 P.3d at 1286. Merely arguing that a fee is unreasonable, however, is not a sufficient challenge. *Id.* Instead, the challenger must set forth specific objections to the request. *See id.* at ¶ 39.

**¶17** In this case, Petitioner's application included a "Detail fee Transaction List" that set forth each task and the amount spent on each task. Thus, Petitioner met its preliminary burden of showing its request was reasonable. Conversely, CMRE's response to the fee application lacked the specificity that is required by *Nolan*. At no time in its response did CMRE challenge any specific times or activities set forth in Petitioner's application. Thus, CMRE did not meet its burden of demonstrating the fees were unreasonable under *Nolan.*

**¶18** In its decision, the superior court stated that it found Petitioner's application to contain instances of blocked billing. However, block billing alone is not a sufficient basis on which to overturn an attorney fee award. *See Hawk*, 233 Ariz. at 100, ¶ 23, 309 P.3d at 924.

**¶19** Based on this record, and given the discretion granted to a trial court in determining fees, Petitioner's fee application was sufficient to allow the justice court to assess the reasonableness of the hours and tasks claimed. Therefore, we find the superior court erred in remanding the case to the justice court.

> C. Failure of the Superior Court to Award Attorney Fees

**¶20** Lastly, Petitioner contends that the superior court erred in failing to award him attorney fees and costs on the basis that neither party was the successful party. Petitioner requests that we award him attorney fees and costs on appeal from the superior court. As the prevailing party, Petitioner was entitled to his attorney fees and costs, at the superior court's discretion. We remand this matter to the superior court to consider Petitioner's request for fees and costs.

## ATTORNEY FEES ON SPECIAL ACTION

**¶21** Pursuant to ARCAP 21 and A.R.S. § 21-341, Petitioner requests his attorney fees and costs in this special action. In our

discretion, we decline to award Petitioner his reasonable attorney fees and costs in this special action.

## CONCLUSION

**¶22** For the foregoing reasons, we accept special action jurisdiction, grant relief, and vacate the superior court's order remanding the case to the justice court. We also remand this matter to the superior court to consider Petitioner's request for attorney fees and costs in defending the appeal from the justice court.



Ruth A. Willingham · Clerk of the Court
FILED: gsh