NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CHRISTIAN NAVA-CRUZ, et al., *Plaintiffs/Appellees*,

*v.*

ROBERT WALLACE, *Defendant/Appellant*.

No. 1 CA-CV 22-0235
FILED 2-14-2023

---

Appeal from the Superior Court in Maricopa County
No. CV2020-001923
No. CV2020-092663
The Honorable James D. Smith, Judge (retired)

**AFFIRMED**

---

COUNSEL

Zazueta Law, PLLC, Phoenix
By Fabian Zazueta (argued) and Garrett Respondek
*Counsel for Plaintiffs/Appellees*

Law Offices of Kimberly A. Eckert, Tempe
By Kimberly A. Eckert
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

---

**M c M U R D I E**, Judge:

¶1        Robert Wallace appeals from a summary judgment, partial judgment as a matter of law, and jury award against him. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In July 2018, Wallace bought a 50% membership interest in Impala Enterprises, LLC ("Impala") from Christian Nava-Cruz. Wallace and Nava-Cruz memorialized the transaction by executing a bill of sale and an operating agreement. The bill of sale provided that Wallace would pay $25,000, but Wallace became uncomfortable with his investment and stopped making payments after contributing only $16,000. In December 2018, Wallace filed articles of amendment to remove himself as a manager and member of Impala.

¶3        After Wallace removed himself, Impala acquired a liquor license. In November 2019, Wallace filed a financing statement claiming a security interest in Impala's "tangible and intangible" equipment, including the liquor license. Impala sent Wallace a letter demanding that he terminate the unauthorized filing, but Wallace refused.

¶4        Nava-Cruz and Impala (collectively, "Appellees") sued Wallace, alleging that Wallace was liable under A.R.S. § 47-9527(A) for "fil[ing] an unauthorized lien." Wallace counterclaimed against Impala, alleging breach of contract and the covenant of good faith and fair dealing. The claims relied on a contract he asserted he had with Impala based on his purchase of a 50% membership interest in the company. He claimed Impala breached the contract by omitting him as a manager, failing to pay him profits, disregarding "normal business accounting," "trespass[ing]" him from the business, and breaching the operating agreement. He also alleged Impala breached the covenant of good faith and fair dealing by failing to provide him with accurate information before he purchased his share. He also alleged negligent misrepresentation against Nava-Cruz.

2

**¶5**        The matter was subject to compulsory arbitration, and the arbitrator found in Wallace's favor. Appellees appealed the arbitrator's decision to the superior court.

**¶6**        Eventually, Appellees moved for summary judgment. The superior court first granted summary judgment to Impala on its unauthorized lien claim, concluding that Wallace did not hold a valid security interest in the liquor license, he knew or should have known that he lacked a valid security interest, and he refused to withdraw the lien upon demand. As for Wallace's breach of contract claims, the court agreed with Impala that Impala was not a party to the bill of sale, but it noted that Wallace could pursue contract claims under the operating agreement. The court, however, concluded that Wallace identified no provision of the operating agreement that Impala violated and therefore granted summary judgment for Impala. Next, the court denied summary judgment for Impala on the implied covenant of good faith and fair dealing claim but limited Wallace to the argument that Impala prevented Wallace from accessing the premises. Finally, the court denied summary judgment for Nava-Cruz on Wallace's negligent misrepresentation claim. Wallace filed a motion for reconsideration, which the court summarily denied. The remaining claims proceeded to trial.

**¶7**        In the joint pretrial statement, Appellees objected to a witness Wallace planned to call at the trial because the witness was not timely disclosed after the arbitration. The court agreed the disclosure was untimely under Arizona Rule of Civil Procedure 77(f) and excluded the witness.

**¶8**        At the trial, Appellees moved for judgment as a matter of law on the breach of the implied covenant of good faith and fair dealing claim against Impala and the negligent misrepresentation claim against Nava-Cruz. The court partly granted the bad faith claim and limited Wallace to nominal damages, concluding that Wallace could not prove actual damages because he lacked sufficient evidence of lost profits. The court otherwise submitted the matter to the jury, which found for Impala on the bad faith claim and for Nava-Cruz on the negligent misrepresentation claim.

**¶9**        Appellees then requested attorney's fees under A.R.S. § 47-9527(A) for the unauthorized lien claim and A.R.S. § 12-341.01 for the contract claims. The court found that Appellees were entitled to fees under A.R.S. § 47-9527(A). But because they had not identified which fees arose from the wrongful filing claim, the court declined to order an award under

the statute. Applying A.R.S. § 12-341.01, the court found that many fees requested arose from duplicative work, so the court awarded half of the requested fees.

¶10            Wallace appealed, and we have jurisdiction under A.R.S. §§ 12-120.21 and 12-2101(A)(1).

## DISCUSSION

**A.      The Superior Court Did Not Err by Granting Summary Judgment for Impala and Denying Wallace's Reconsideration Motion.**

¶11            Wallace first argues that the superior court erred by granting summary judgment for Impala on several claims. We review the grant of a motion for summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990).

> **1.      The Superior Court Did Not Err by Granting Summary Judgment for Impala on Its Claim for an Unauthorized Filing of a Financing Statement.**

¶12            Wallace argues the superior court erred by granting summary judgment against him for wrongfully recording a financing statement. In its motion for summary judgment, Impala argued that Wallace filed an unauthorized record violating A.R.S. § 47-9527. The statute prohibits a person from filing a record that he "knows or has reason to know . . . is unauthorized under § 47-9509." A.R.S. § 47-9527(A). And as relevant here, A.R.S. § 47-9509 provides that a person may file a financing statement only if authorized via an authenticated record or a security agreement. The superior court granted summary judgment because Wallace filed the financing statement without authorization or a security agreement, and he failed to terminate the filing after Impala's request.

¶13            Wallace asserts on appeal that there was, in fact, an authenticated record or a security agreement. He points to the bill of sale, which he argues "clearly showed [he] was buying a Membership Interest thus the purchase clearly described the collateral." He then argues that he perfected his interest by filing the financing statement, giving him "the right to foreclose on the liquor license, an asset of the LLC, based on the Operating Agreement." Wallace, however, relies only on a provision in the

operating agreement under the article for dissolution and termination that states, "each Member shall look solely to the assets of the Company for the return of its Capital Contribution."

¶14            The cited provision does not contemplate a security agreement or authorize filing a financing statement. And Wallace identifies no other operating agreement provision that would do so. He also cites no authority that a purchaser acquires a security interest in an LLC's assets simply by acquiring a membership interest in the LLC. And Wallace removed himself as a member nearly a year before claiming a security interest in the liquor license.

¶15            Because Wallace held no secured interest and had no authorization from Impala to file a financing statement, he was prohibited under A.R.S. § 47-9509 from filing a financing statement. And because he refused to terminate his unauthorized filing after Impala's demand pointed out the deficiency, Wallace is liable under A.R.S. § 47-9527 if he knew, or should have known, the filing was prohibited. Wallace does not raise, as a substantive claim, that he lacked the knowledge or it was a fact question of whether he had the requisite knowledge required under the unauthorized lien statute. Without asserting such a claim, we cannot find the court erred by granting summary judgment.[1]

### 2.    The Superior Court Did Not Err by Granting Summary Judgment for Impala on the Claims for Breach of Contract.

¶16            Wallace also argues that the court erred by granting summary judgment against him on his breach of contract claims. Wallace claims Impala breached the operating agreement by (1) failing to name Wallace a manager, (2) failing to return his investment or distribute profits, and (3) denying him access to company records.

¶17            Wallace first argues that the operating agreement required Impala to make him a manager and that Impala failed to do so. The operating agreement names Wallace as a manager and sets forth the rights and duties of a manager. But Wallace concludes, without identifying any specifics, that he "set forth more than sufficient facts to show he was shut

---

[1]            Wallace also argues that the court erred by awarding fees under A.R.S. § 47-9527, but because Appellees failed to delineate which fees arose out of the wrongful filing claim, the court never awarded fees under the statute.

out from managing the business." Without identifying record evidence that Impala wrongfully precluded him from participating as a manager, Wallace cannot prevail. In fact, there is record evidence that Wallace removed himself as a manager. The superior court did not err on this ground.

¶18 Wallace next argues that Impala breached the operating agreement by failing to distribute profits and reimburse his $16,000 contribution. The operating agreement provides that Wallace is entitled to 50% of Impala's profits. But Wallace offered no evidence that Impala realized profits, arguing only that "evidence was presented showing the company was operating." Without profit evidence, Wallace's claim fails. He also identifies no provision in the operating agreement that would entitle him to a reimbursement of his initial investment. The court thus did not err by granting summary judgment.

¶19 Finally, Wallace argues that he was denied access to company records. Arizona law requires companies to allow members access to company records. A.R.S. § 29-3410(B). A member seeking access, however, must "make[] a demand in a record received by the company describing with reasonable particularity the records sought and the purpose for seeking the records." A.R.S. § 29-3410(B)(2). Likewise, the operating agreement required Impala to allow members access to documents "[u]pon reasonable request." Wallace identifies no such demand or request. The court did not err by granting summary judgment for Impala on this ground.

### 3. The Superior Court Did Not Err by Granting Partial Summary Judgment for Impala on the Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing.

¶20 Wallace argues Impala breached the implied covenant of good faith and fair dealing. Wallace based his claim partly on "the failure to repay the contribution, profits, and in effect removing Wallace from managing the business." The superior court granted summary judgment on these grounds, citing several cases from other jurisdictions to conclude that "[a] plaintiff cannot stack a good faith covenant claim on a contract claim using the same facts, damages, and arguments."

¶21 Wallace argues on appeal that the court erred by concluding that he cannot bring a breach of contract claim and a bad faith claim on the same grounds. Generally, "an implied covenant of good faith and fair dealing cannot directly contradict an express contract term." *Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 423, ¶ 14 (App. 2002). But Wallace is correct that in some cases, "Arizona law recognizes that a party can breach the

implied covenant of good faith and fair dealing . . . by exercising express discretion in a way inconsistent with a party's reasonable expectations." *Id.* at 424, ¶ 14.

**¶22**        Wallace, however, fails to develop the argument beyond his conclusory statement that the court's conclusion "was error." He identifies no evidence that Impala acted inconsistently with his reasonable expectations and provided no other reason for the court to deviate from the general rule. Because "we may affirm on any ground supported by the record," *see Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, 403, ¶ 25 (App. 2000), we conclude that the court did not err by granting summary judgment.

### 4.        The Superior Court Did Not Grant Partial Summary Judgment for Nava-Cruz on the Claim for Negligent Misrepresentation.

**¶23**        Wallace argues that the court erred by limiting his negligent misrepresentation claim against Nava-Cruz. He claims the court wrongfully "limited him to statements made to him by Cruz" even though he "made it clear that he was [pursuing] an omission theory." Wallace's assertion is factually incorrect. The court found that "Wallace [did not] identify any affirmative misstatements from Cruz; he asserted only Cruz's failure to disclose the shoddy bookkeeping. It is a close question if Cruz's silence supports the claim and *survives summary judgment*." (Emphasis added.) The court did not err because it did not limit Wallace or otherwise grant partial summary judgment on this ground.

### 5.        The Superior Court Did Not Err by Denying Wallace's Motion for Reconsideration.

**¶24**        Wallace argues that the court erred by denying his motion to reconsider the claims decided on summary judgment. We review the denial of a motion for reconsideration for an abuse of discretion. *Tilley v. Delci*, 220 Ariz. 233, 238, ¶ 16 (App. 2009). Wallace raises the same issues described above, and for the same reasons, we conclude the court did not abuse its discretion by denying the reconsideration motion.

## B.        The Superior Court Did Not Err by Excluding a Trial Witness.

**¶25**        Before the trial, the court excluded one of Wallace's witnesses because Wallace had not timely disclosed him under Rule 77(f). Wallace challenges that exclusion.

**¶26**        We review the superior court's decision to exclude a witness for an abuse of discretion. *State v. Carlos*, 199 Ariz. 273, 277, ¶ 10 (App. 2001). Here, the court excluded the witness under Rule 77(f)(3), which requires parties to disclose trial witnesses within 20 days from the time a notice of appeal from arbitration is served.

**¶27**        Appellees appealed from arbitration on January 22, 2021. Wallace concedes he disclosed the witness on March 1. But he argues that Rule 77(f)(5) gives the parties "80 days after the filing of the notice of appeal to complete discovery" and that witness disclosures fall under this rule.

**¶28**        We cannot read the rule to include witness disclosures as part of the discovery contemplated in Rule 77(f)(5) because it would eliminate Rule 77(f)(3). *See Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (We must give meaning to every provision so that no provision is rendered superfluous.). Wallace had 20 days to disclose his witness and failed to do so timely. The court thus did not abuse its discretion by excluding the witness.

## C.        The Superior Court Did Not Err by Granting Partial Judgment as a Matter of Law in Favor of Impala.

**¶29**        After the court's partial grant of summary judgment, Wallace's only remaining claim for breach of the implied covenant of good faith and fair dealing was that he was "trespassed" from Impala. After Wallace's case-in-chief, Impala moved for judgment as a matter of law under Rule 50(a). The court allowed the claim to proceed to the jury but concluded that Wallace had not proven actual damages because he produced no evidence of lost profits. Thus, the court limited the claim to nominal damages.

**¶30**        Wallace challenges the nominal damage limitation. We review the grant of a motion for judgment as a matter of law *de novo*. *Glazer v. State*, 237 Ariz. 160, 167, ¶ 29 (2015).

**¶31**        Wallace argues that uncertainty about the damages amount does not preclude recovery. But this is only true after "the right to damages is established." *Lewis v. N.J. Riebe Enters., Inc.*, 170 Ariz. 384, 397 (1992). Conjecture or speculation does not provide a basis for damages, and there must be evidence sufficient to estimate the amount accurately. *Felder v. Physiotherapy Assocs.*, 215 Ariz. 154, 162, ¶ 38 (App. 2007) (citing *Gilmore v. Cohen*, 96 Ariz. 34 (1963)).

**¶32**        As mentioned, Wallace sought damages for lost profits but offered no evidence that Impala was profitable. The court, therefore, did

not err by limiting his claim to nominal damages. Moreover, even if the limitation were error, it would have been harmless because the jury found for Impala on the substantive claim and thus would not consider damages.

**D.      Wallace Waived His Claim that the Jury Verdict Should Be Set Aside.**

¶33      Wallace's next argument, in its entirety, is that "[g]iven the errors in this case in limiting the evidence and witness, the jury verdict cannot be upheld. It is impossible to predict what a jury would have done if it had heard the proper evidence and arguments." Wallace has waived this claim because he did not raise it before the superior court and fails to develop the argument on appeal. *See BMO Harris Bank N.A. v. Espiau*, 251 Ariz. 588, 593–94, ¶ 25 (App. 2021) (Arguments not raised before the superior court are waived.); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (Arguments not developed and supported by authority are waived.).

**E.      The Superior Court Did Not Err by Awarding Appellees Their Reasonable Attorney's Fees.**

¶34      Lastly, the court awarded Appellees half of their requested attorney's fees under A.R.S. § 12-341.01(A), which allows an award of fees to the prevailing party in a contract action. Wallace argues that the superior court's award should be vacated or further reduced. We review an award of attorney's fees for an abuse of discretion, and we "will affirm unless there is no reasonable basis for the award." *Hawk v. PC Vill. Ass'n*, 233 Ariz. 94, 100, ¶ 19 (App. 2013).

¶35      Wallace argues that policy weighs against an award of fees and that the court should have considered that he prevailed on all counts in arbitration. But as the superior court noted in its order, Wallace ultimately failed on all claims, has not shown extreme hardship, and has not specifically identified excessive billing entries. *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985) (The factors in determining a fee award include, among other things, the claim's merits and whether an award would cause extreme hardship.). The court's award, therefore, is not devoid of a reasonable basis, and we affirm it.

**ATTORNEY'S FEES**

¶36      Appellees request their reasonable attorney's fees and costs on appeal under A.R.S. §§ 12-341, 12-341.01, and 47-9527(A). Recognizing that Appellees have prevailed on all issues raised on appeal, we grant Appellees' request upon compliance with ARCAP 21.

¶37        Appellees also request sanctions under A.R.S. § 12-349(A) and ARCAP 25. Per our discretion, we decline to impose sanctions.

## CONCLUSION

¶38        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA