IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

TALKING ROCK LAND, LLC,
*Plaintiff/Appellant/Cross-Appellee,*

*v.*

INSCRIPTION CANYON RANCH, LP, et al.,
*Defendants/Appellees/Cross-Appellants.*

No. 1 CA-CV 22-0712
FILED 4-9-2024

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2019-056128
The Honorable Sara J. Agne, Judge
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

———————————————

COUNSEL

Himmelstein & Adkins, LLC, Scottsdale
By David E. Shein, Erik D. Smith
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Stinson LLP, Phoenix
By Lonnie J. Williams, Jr., Timothy S. Lauxman
*Co-Counsel for Defendant/Appellee/Cross-Appellant*

Holdsworth Law Firm, P.C., Prescott
By Lori Marschke
*Co-Counsel for Defendant/Appellee/Cross-Appellant*

---

## OPINION

Judge Samuel A. Thumma delivered the opinion of the Court, in which Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1        In this declaratory judgment action, plaintiff Talking Rock Land (TRL) appeals from the grant of summary judgment for defendant Inscription Canyon Ranch (ICR) resolving the meaning of the parties' detailed written contracts, issues addressed in a separate memorandum decision affirming that judgment. This opinion addresses ICR's cross-appeal arguing the superior court erred in reducing the attorneys' fees it sought under the contracts. For the reasons that follow, the fee award is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        TRL and ICR have had a contractual relationship, lasting a generation, involving the development of homes on 3,450 acres (more than five square miles) of land near Prescott. The separate memorandum decision affirms the superior court's grant of summary judgment in favor of ICR and against TRL, declaring that the contract required TRL to pay for all the lots "prior to the end of 2027" and awarding ICR attorneys' fees, citing both the terms of the parties' contract and Arizona Revised Statute (A.R.S.) section 12-341.01 (2024).[1]

¶3        After those rulings by the superior court, ICR filed a request seeking $921,290 in fees (later supplemented to seek $981,318.50 in fees) and $14,262.14 in taxable costs. After full briefing, the court awarded ICR $700,000 in fees pursuant to the contract and A.R.S. § 12-341.01 and $14,262.14 in taxable costs. In addressing fees, the court cited the parties' contract that "allows for reimbursement for 'all of its out-of-pocket expenses incurred in pursuing collection,'" also citing A.R.S. § 12-341.01. In awarding less than the amount of fees requested, the court noted some time entries lacked requisite detail, some fees sought were for billing on other

---

[1] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

matters, and that ICR's fees were disproportional to TRL's fees, supporting "a finding that the fees are clearly excessive and subject to reduction."

¶4        This court has jurisdiction over ICR's timely cross-appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A) and -2101(A)(1).

## DISCUSSION

¶5        ICR argues that the superior court erred by awarding it $700,000 in attorneys' fees rather than the full $981,318.50 it requested, an issue this court reviews for an abuse of discretion. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570-71 (1985). ICR argues the superior court failed to consider its supplemental fee application and erred by awarding a reduced amount of fees "without any analysis or findings;" "reducing ICR's fee award as 'disproportional' without finding any of ICR's fees were 'clearly excessive'" and "relying on TRL's disproportionality argument, which is deficient as a matter of law."

### A.    The Superior Court Considered ICR's Supplemental Fee Application.

¶6        ICR argues that the superior court erred "when it implicitly disallowed the entirety of the $60,028.50 in fees ICR sought in its supplemental application." The court, however, acknowledged ICR's supplemental application, specifically noting "ICR's Application and Supplemental Application" for fees. As ICR argues, that same minute entry contained a math error, with a total that did not include the $60,028.50 requested in the supplemental application. But given the court expressly stated it considered the supplemental application, ICR has not shown that the court erred by failing to consider it.

### B.    The Superior Court Did Not Abuse Its Discretion in Finding Some of ICR's Requested Fees Were "Clearly Excessive."

¶7        A contractual provision for attorneys' fees "will be enforced in accordance with the terms of the contract," *First Fed. Sav. & Loan Ass'n of Phoenix v. Ram*, 135 Ariz. 178, 181 (App. 1982), recognizing A.R.S. § 12-341.01(A) supplements such a provision, *Am. Power Prods., Inc., v. CSK Auto, Inc.*, 242 Ariz. 364, 369 ¶ 16 (2017). Such a contractual provision "should not be enforced when the amount requested is 'obviously excessive.'" *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 270 (App. 2007) (2-1 decision) (citing *Elson Dev. Co. v. Ariz. Sav. & Loan Ass'n*, 99 Ariz. 217

(1965)). Applying these standards, the court awarded ICR $700,000 in fees of the $981,318.50 it requested in a six-page ruling detailing its analysis.

¶8        ICR argues that the award "violates *McDowell Mountain* because the court did not specify any fees that were clearly excessive. Instead, the court made a single, generally applicable finding regarding the total amount of ICR's fees which rendered them 'clearly excessive.'" To support its argument, ICR cites a sentence in *McDowell Mountain* stating "[o]n remand, the trial court may conduct a hearing . . . and then enter an award to the Association of all its attorneys' fees that were properly incurred in this matter except as to those fees the court expressly finds are clearly excessive." 216 Ariz. at 271 ¶ 22. ICR argues this language required the superior court here to award "'all of its attorneys' fees that were properly incurred' and make specific findings on those which [are] not." ICR further argues that, absent such specific findings, a superior court could reduce requested fees as "excessive without any basis" and "impermissibly strike the term 'all' from the contract." ICR also argues that such action "would essentially amount to an ordinary reasonableness analysis despite *McDowell Mountain* expressly prohibiting that action."

¶9        ICR's argument is misplaced. *McDowell Mountain* did not create a legal standard requiring courts to make findings about which specific fee entries are "clearly excessive" when awarding fees. No Arizona case has imposed the requirement ICR advances, and no published decision has read *McDowell Mountain* as including such a requirement. Nor has ICR suggested any applicable procedural rule that would require the findings of fact it alleges the superior court should have made here. *Cf.* Ariz. R. Civ. P. 52(a)(1) (allowing a party to request findings of fact and conclusions of law, "if requested before trial" in "an action tried on the facts without a jury or with an advisory jury").

¶10        The *McDowell Mountain* language cited by ICR was a specific instruction about proceedings on remand in that case. It did not impose an express finding requirement for each disallowed entry in a fee request. No such findings are required by contract or statute, and this court will not read *McDowell Mountain* as mandating such a requirement. 216 Ariz. at 271 ¶ 22. So long as the record reflects a reasonable basis for the court's decision in awarding fees, there is no abuse of discretion. *See, e.g., Tucson Ests. Prop. Owners Ass'n, Inc. v. McGovern*, 239 Ariz. 52, 56 ¶ 12 (App. 2016); *Hawk v. PC Vill. Ass'n, Inc.*, 233 Ariz. 94, 100 ¶ 21 (App. 2013); *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 266 ¶ 21 (App. 2004).

### C. The Superior Court Did Not Err by Relying on TRL's Disproportionality Argument.

¶11        ICR argues that (1) "TRL failed to carry its burden" of "showing ICR's fees were 'clearly excessive'" and (2) the superior court abused its discretion by "compar[ing] the parties' fees and determin[ing] ICR's fees were the problem."

¶12        Relying on *In re Indenture of Tr. Dated Jan. 13, 1964*, 235 Ariz. 40, 53 ¶47-48 (App. 2014), ICR asserts that "TRL had the burden of showing ICR's fees were 'clearly excessive' by presenting arguments, beyond mere conclusions, with factual support." ICR has not shown that the superior court erred in concluding TRL met this burden. In its response and objection to ICR's fee application, TRL outlined hours reflected on ICR's timesheet that it argued represented an "inordinate amount of time and expense," and for example, pinpointed 47.8 hours of block billing, 14.8 hours of work performed for related cases, 12.2 hours of administrative matters for unrelated cases, and others. TRL's response included more than "mere conclusions" and was thus proper for the superior court to consider.

¶13        ICR also has not shown that the superior court abused its discretion by relying on TRL's disproportionality argument and comparing the parties' fees. TRL argued that the disproportionality between the fees requested by ICR and TRL show that ICR's fees are "grossly unreasonable." Under Ethical Rule 1.5, one factor to consider when determining the reasonableness of a fee is the fee customarily charged in the locality for similar legal services. Ariz. R. Sup. Ct. 42, ER 1.5(a)(3). TRL's fees are at least some evidence of such similar legal services.

¶14        To be sure, TRL's objection was summary, stating without support that "[t]he $1,000,000.00 in fees sought by ICR are approximately 150% greater than the $400,000 in fees incurred by TRL." TRL's objection failed to provide details for this assertion, such as hourly rates or hours of billable time spent on comparable tasks. The better practice would be for a party making a disproportionality argument to provide such detail. And a superior court could, in exercising its discretion, determine that more than what TRL provided was needed. On this record, however, ICR has not shown that the superior court abused its discretion by considering TRL's fees when determining that ICR's fees were "clearly excessive."

**CONCLUSION**

**¶15** The superior court's award to ICR of $700,000 in attorneys' fees and $14,262.14 in taxable costs is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA