673 P.2d 927

Seymour **SCHWEIGER** and Jimmie Komatsu, Co-Trustees of the Komatsu-Okamoto Trust, Dated February 12, 1969, Plaintiffs-Appellees and Cross-Appellants,

v.

**CHINA DOLL RESTAURANT, INC.,** an Arizona corporation; and Roy Ong and May Ong, Defendants-Appellants and Cross-Appellees.

No. 1 CA–CIV 5318.

Court of Appeals of Arizona, Division 1, Department D.

July 28, 1983.

Rehearing Denied Sept. 1, 1983.

Review Denied Oct. 18, 1983.

Sternberg, Sternberg & Rubin, Ltd. by Ronald I. Rubin, Phoenix, for plaintiffs-appellees and cross-appellants.

Biaett & Bahde by Kenneth Biaett, Glendale, for defendants-appellants and cross-appellees.

## OPINION

MEYERSON, Judge.

In this appeal, we set forth guidelines for the filing of affidavits in support of requests for attorneys' fees where the parties have agreed by contract that the prevailing party shall be entitled to recover reasonable fees. Although the court normally disposes of such matters by unpublished orders, because of the growing number of fee applications, this opinion is necessary to give guidance to counsel in submitting fee requests. *See* Note, Statutory Attorney's Fees in Arizona: An Analysis of A.R.S. Section 12–341.01, 24 Ariz.L.Rev. 659, 680 (1982).

## I. BACKGROUND OF THE LITIGATION

Appellees and cross-appellants Seymour Schweiger and Jimmie Komatsu (Schweiger) initiated this litigation in 1976 by filing an action against China Doll Restaurant, Inc. (China Doll) seeking to terminate a lease existing between the parties and damages for breach of an alleged oral agreement to mutually cancel the lease. Schweiger leased property located in Phoenix to China Doll for use as a restaurant.

In *China Doll Restaurant, Inc. v. Schweiger,* 119 Ariz. 315, 580 P.2d 776 (Ct. App.1978), we reversed a summary judgment which was entered in Schweiger's favor concerning the termination of the lease based upon China Doll's alleged breach. We upheld a summary judgment against China Doll on its counterclaim against Schweiger for lost profits for a Mexican restaurant which China Doll intended to operate on the premises. On remand, and

following a trial, judgment was entered in favor of Schweiger finding that China Doll had breached an oral agreement to cancel the lease of the property. Schweiger recovered lost rents for the remaining period of the lease and was compensated for expenses needed to restore the premises. The trial court denied Schweiger's request for attorneys' fees, refused to amend the judgment to include an award for pre-judgment interest and refused to grant punitive damages. China Doll appealed from the judgment awarding Schweiger lost rents and damages and Schweiger filed a cross-appeal from the portion of the judgment denying attorneys' fees, pre-judgment interest, and punitive damages.

In a memorandum decision filed November 23, 1982, we upheld the judgment in Schweiger's favor with respect to lost rents and damages, and in Schweiger's cross-appeal, we reversed the trial judge's ruling denying attorneys' fees but affirmed the portions of the order denying pre-judgment interest and punitive damages. In our memorandum decision, we advised the parties that Schweiger could submit an application for attorneys' fees for legal services rendered on appeal.

## II. THE FEE APPLICATION

In accordance with our memorandum decision, Schweiger filed a statement of costs and attorneys' fees requesting $235 [1] in costs and $10,331.75 in attorneys' fees. China Doll filed an objection asserting that the affidavit was insufficient because it failed to disclose work performed in the superior court proceedings, failed to itemize the services provided, particularly between those services performed in connection with the cross-appeal, and more generally that the amount of fees was unreasonable. Schweiger filed a supplemental statement in which he itemized the attorneys' fees and added fees incurred for the motion for rehearing:

---

**1.** Of the $235, $220 is claimed for charges for copying of briefs. China Doll argues that $220 is too high. Schweiger offers nothing to indicate that the amount was "actually and neces-

sarily expended." Rule 21(b), Arizona Rules of Civil Appellate Procedure (Rule). Thus, he is entitled to the presumptive cost of $2 for each typed page or $144.

| | |
|---|---|
| Through October 1981 – | $ 9,572.25 |
| September 1982 – | 1,696.50 |
| October 1982 – | 769.50 |
| December 1982 – | 977.50 |
| TOTAL | $13,015.75 |

Schweiger avowed that no time was included for work performed in the superior court. China Doll opposed the supplemental statement of costs generally re-stating arguments raised in its original objections.[2]

## III. DETERMINING A REASONABLE FEE

### A. *Introduction*

Like most courts, this court is faced with an ever-burgeoning growth of fee applications in a myriad of cases. Increasingly, the court's time is taken up with determining reasonable fees in cases ranging from contract disputes to litigation which arises under numerous statutes [3] containing attorneys' fees provisions. The slow but steady shift from the historic American rule, which provides that in the ordinary case each party should bear its own fees, to the English rule, which provides that the prevailing party is ordinarily entitled to recover fees, is changing the nature of litigation and the judicial function in many instances.

We do not mean to suggest, however, that this evolution is necessarily bad. We recognize that in many instances important rights will be vindicated only because the prevailing party may recover fees. And this court has held that the award of fees is one way to discourage the filing of frivolous or meritless claims. *Price v. Price,* 134 Ariz. 112, 654 P.2d 46 (Ct.App.1982). Thus, more judicial time will necessarily be devoted to a consideration of requests for fees and, hopefully, through this opinion, we can establish guidelines for the filing of fee applications which will facilitate the work of counsel as well as the work of this court.

The basis for the fee request in this case is a contractual provision in the parties' lease which provides that the lessor (Schweiger) may recover from the lessee (China Doll) reasonable attorneys' fees in connection with any legal proceeding in which the lessor shall prevail. Thus, in this opinion, we do not attempt to address special concerns which may exist in fee applications based upon statutes limiting or restricting the amount of fees which may be awarded.[4] Nor do we address herein the special considerations which arise in cases where fees are charged to the client on other than an hourly basis for time expended.[5] We are concerned only with determining reasonable attorneys' fees in commer-

---

2. China Doll also objected to the statement of costs on the grounds that it was untimely filed. Our memorandum decision was filed November 23, 1982, and received by Schweiger the following day. The statement of costs was filed on Monday, December 6, 1982. Rule 21(a) provides that the statement of costs must be filed "within 10 days after the clerk has given notice that a decision has been rendered." The last day for filing the statement of costs was Friday, December 3, 1982.

   The time limitation in which to file the statement of costs is not jurisdictional. *Tovrea v. Superior Court,* 101 Ariz. 295, 419 P.2d 79 (1966). No prior decision has expressly held that "notice" within the meaning of Rule 21(a) means the filing of the decision. Because Schweiger's statement of costs was only one day late, in the exercise of our discretion, we will permit the untimely filing of the statement of costs in this case.

3. A listing of at least 70 such statutes is contained in R. Corcoran & J. Cates, The Award of Attorneys' Fees in Civil Cases (May 6, 1983) (available from the State Bar of Arizona).

4. For example, A.R.S. § 12–348.D.2. places a ceiling on the hourly rate which may be used for setting fees in litigation with the state. Similarly, A.R.S. § 12–341.01. provides that a fee award is to "mitigate" the expense of litigation.

5. In certain types of cases, fees are not paid on an hourly basis. Thus, it has become necessary for the courts to establish formulas to construct a reasonable fee under the circumstances. The method which is currently the most popular is to calculate the lodestar, or product of the hours expended by a reasonable hourly rate of compensation, and adjust that amount up or down depending upon certain factors. *See generally* 3 H. Newberg, Newberg on Class Actions §§ 6900–7040 (1977); E. Larson, Federal Court Awards of Attorney's Fees 115–153 (1981). This method is unnecessary where the parties have agreed that payment for legal services is to be made based upon the attorney's billing rate charged for time actually expended.

cial litigation. *See generally* 2 S. Speiser, Attorneys' Fees § 15:1–49 (1973).

### B. *Previous Arizona Decisions*

In *Leggett v. Wardenburg,* 53 Ariz. 105, 85 P.2d 989 (1939), the court held that in connection with the predecessor statute to A.R.S. § 14–3720 (providing for reasonable attorneys' fees in certain probate proceedings) the "payment of an attorney's fee must be reasonable and bear a direct relation to the amount involved, and the quality, kind and extent of the service rendered." *Id.* at 107, 85 P.2d at 990. In a domestic relations matter, the supreme court stated that "[l]awyers are entitled to a fair and reasonable compensation for their services. Courts should not hesitate in fixing an amount for attorney's fees based upon the evidence, and which is in accordance with the usual reasonable charges made by members of the profession." *Blaine v. Blaine,* 63 Ariz. 100, 108, 159 P.2d 786, 789 (1945). The court went on to set the fee giving consideration to the "efforts of counsel in this cause, the time involved, the evidence as to the value of the services, and the character of the case . . . ." *Id.* And, in an action arising under a contract which contained a provision for the payment of reasonable attorneys' fees, the supreme court, without setting forth the components of a reasonable fee, held that it is error to award fees absent any proof of what is "reasonable." *Crouch v. Pixler,* 83 Ariz. 310, 315, 320 P.2d 943, 946 (1958).

The elements to be considered in determining a reasonable attorneys' fee were enumerated by the supreme court in *Schwartz v. Schwerin,* 85 Ariz. 242, 336 P.2d 144 (1959). In *Schwartz,* the amount of compensation had not been agreed upon by the parties, and thus the court held that the attorney's claim must be based on *quantum meruit* to establish the "reasonable value of services rendered." *Id.* at 245, 336 P.2d at 146. The court identified the factors to be

considered in determining a reasonable fee as follows:

(1) *the qualities of the advocate:* his ability, his training, education, experience, professional standing and skill;

(2) *the character of the work to be done:* its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;

(3) *the work actually performed by the lawyer:* the skill, time and attention given to the work;

(4) *the result:* whether the attorney was successful and what benefits were derived.

*Id.* at 245–46, 336 P.2d at 146. *See* Rule 29(a), Rules of the Arizona Supreme Court DR 2–106.[6] The court noted that no one element should predominate or be given undue weight. Thus, although *Schwartz v. Schwerin* is a useful starting point, it fails to give specific guidance in how the enumerated factors are to be used in calculating a reasonable fee. *See generally* Goodman, Attorney's Fees in Arizona, Adopting a New Approach, 18 Ariz.B.J. 8 (April, 1983).

### C. *Reasonable Billing Rate*

■ The beginning point in a development of a reasonable fee is the determination of the actual billing rate which the lawyer charged in the particular matter. This can be distinguished from the traditional measure used in public-rights litigation which is generally referred to as the reasonable hourly rate prevailing in the community for similar work. *Copeland v. Marshall,* 641 F.2d 880, 892 (D.C.Cir.1980). Unlike public-rights litigation, and contingent-fee litigation, for example, in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client

---

**6.** The factors listed in *Schwartz v. Schwerin* and DR 2–106 are similar to those described in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), a leading case describing a method for setting fees somewhat different than the lodestar approach discussed previously. *See supra* note 5.

is the best indication of what is reasonable under the circumstances of the particular case. Thus, the affidavit submitted in connection with an application for fees must indicate the agreed upon hourly billing rate between the lawyer and the client for the services performed in connection with the appeal. The court, of course, is not bound by the agreement between the parties. While it is unlikely that the court will adjust the hourly rate upward, upon the presentation of an opposing affidavit setting forth reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate. *See Elson Development Co. v. Arizona Savings & Loan Association,* 99 Ariz. 217, 222–23, 407 P.2d 930, 934 (1965) (contract provision stipulating amount of fees to be paid is binding only to the extent that it is reasonable); Guidelines for Compensation of Attorneys Appointed to Represent Indigent Persons in Criminal Appeals in the Court of Appeals and Supreme Court ¶ 3 (Ariz.Sup.Ct. September 1, 1982) (Guidelines).

### D. *Hours Reasonably Expended*

■ The prevailing party on appeal is "entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit" of a successful appeal. *Twin City Sportservice v. Charles O. Finley & Co.,* 676 F.2d 1291, 1313 (9th Cir.), *cert. denied,* 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982). Examples of the type of services which may be included in a fee application are:

1. Preparing pleadings and documents necessary to initiate the appeal.

2. Reviewing the records on appeal in anticipation of drafting the briefs.

3. Researching needed for drafting the briefs.

4. Drafting the briefs.

5. Preparing for oral argument and time at the argument.

6. Telephone calls and correspondence with other counsel directly related to the appeal.

7. Communication and correspondence with the client only if directly necessary and in furtherance of the appeal.

8. Travel time where necessary.

9. Preparing post-decision motions.

*See* Guidelines ¶ 5. The affidavit of counsel should indicate the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the appeal), and the time spent in providing the service. Amendment to Rule 21, Arizona Rules of Civil Appellate Procedure (effective September 1, 1983). It is insufficient to provide the court with broad summaries of the work done and time incurred. "[A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent." *In re Hudson & Manhattan R.R. Co.,* 339 F.2d 114, 115 (2d Cir.1964).

■ In order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred. Practitioners are advised to prepare their summaries based upon contemporaneous time records which indicate the work performed by each attorney for whom fees are sought. If counsel expects that the fee application will be opposed on the grounds that the hours claimed are excessive, counsel may find that it is useful to submit actual time records to support the fee request. *Laje v. R.E. Thomason General Hospital,* 665 F.2d 724, 730 (5th Cir.1982).

Just as the agreed upon billing rate between the parties may be considered unreasonable, likewise, the amount of hours claimed may also be unreasonable. If a particular task takes an attorney an inordinate amount of time, the losing party ought not be required to pay for that time. *See* Guidelines ¶ 4. Furthermore, time spent on unsuccessful issues or claims may not be compensable. *See Apache East, Inc. v. Wiegand,* 119 Ariz. 308, 313, 580 P.2d 769,

774 (Ct.App.1978); *Circle K. Corp. v. Rosenthal,* 118 Ariz. 63, 69, 574 P.2d 856, 862 (Ct.App.1977). We turn now to an examination of this troubling question.

■ Fortunately, an extended discussion of this subject is unnecessary because of the recent decision of the United States Supreme Court in *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Although the Court was concerned with the meaning of the term "prevailing party" under 42 U.S.C.A. § 1978, the Court's reasoning is helpful for other cases in which a party prevails on some but not all issues. The Court recognized that a plaintiff (or appellant) may present in one case distinctly different claims for relief that are based on different facts and legal theories. Where claims could have been litigated separately, fees should not be awarded for those unsuccessful separate and distinct claims which are unrelated to the claim upon which the plaintiff prevailed. *See Epstein v. Frank,* 125 Cal. App.3d 111, 177 Cal.Rptr. 831 (1981).

■ On the other hand, one claim for relief may involve related legal theories. "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley v. Eckerhart,* —— U.S. at ——, 103 S.Ct. at 1940. Thus, where a party has accomplished the result sought in the litigation, fees should be awarded for time spent even on unsuccessful legal theories. Where a party has achieved only partial or limited success, however, it would be unreasonable to award compensation for all hours expended, including time spent on the unsuccessful issues or claims. For example, when the plaintiff sues on a note, and the defendant successfully counterclaims, fees awarded to the plaintiff may be reduced to reflect the defendant's success. *Pioneer Constructors v. Symes,* 77 Ariz. 107, 112, 267 P.2d 740, 774 (1954). We agree with the Court's statement in *Eckerhart* that there is "no precise rule or formula for making these determinations." —— U.S. at ——, 103 S.Ct. at 1941.

It should be recognized that an appellate court is somewhat unsuited for the fact-finding inquiry which is frequently necessary to properly determine reasonable fees for legal services rendered. Thus, we urge counsel to follow the hope expressed in *Eckerhart* that "[i]deally, of course, litigants will settle the amount of a fee." —— U.S. at ——, 103 S.Ct. at 1941. If the parties find the time constraints of Rule 21 to be too limited for this purpose, the court will look favorably upon reasonable requests to extend the time period if it appears that a settlement of the fee amount will be likely.

## IV. CONCLUSION

■ Under the standards enunciated above, the fee application submitted by Schweiger is plainly insufficient. The fee request fails to specify the agreed upon hourly billing rate between Schweiger and his counsel. The application fails to identify the legal services performed, the attorney that performed the legal services and the date on which the services were provided. In addition, counsel's affidavit fails to allocate any time between work performed on China Doll's appeal and work performed on Schweiger's cross-appeal. Although Schweiger is entitled to fees for all time reasonably expended in connection with the appeal of China Doll, having prevailed entirely, because he achieved only limited success in his cross-appeal, he is not entitled to recover fees for time incurred on the unsuccessful issues of pre-judgment interest and punitive damages.

The request for attorneys' fees submitted by Schweiger is denied without prejudice. Upon the filing of the opinion in this matter, Schweiger shall have ten days in which to submit an amended statement of costs and China Doll shall have five days after service of such statement in which to file any further objections.

HAIRE, P.J., and EUBANK, J., concur.