NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

LOIS ANN FLYNN, *Petitioner/Appellee*,

*v.*

CHARLES DAVID RODRICK, *Respondent/Appellant*.

No. 1 CA-CV 14-0314 FC
FILED 10-8-2015

Appeal from the Superior Court in Maricopa County
No. FC2011-005859
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Joe M. Romley, P.C., Phoenix
By Joe M. Romley
*Counsel for Petitioner/Appellee*

Charles David Rodrick, Scottsdale
*Respondent/Appellant*

-------------------------

**MEMORANDUM DECISION**

Presiding Judge Donn Kessler delivered the decision of the Court, in which Judge Andrew W. Gould and Judge Patricia K. Norris joined.

-------------------------

**K E S S L E R**, Presiding Judge:

¶1        Charles David Rodrick ("Husband") appeals from the family court's judgment awarding Lois Ann Flynn ("Wife") attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324(A) (Supp. 2015).[1]  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Wife filed a petition for dissolution of marriage in November 2011.  After multiple pretrial motions and discovery disputes, a two-day trial was held in May 2013.  The Decree of Dissolution, which was entered in December 2013, awarded Wife child support and divided the parties' community property and debts.  The court also awarded Wife her reasonable attorneys' fees and costs based on a disparity in financial resources:

> THE COURT FINDS that there is a substantial disparity of financial resources between the parties.  Because of the disparity [Husband] has considerably more resources available to contribute toward [Wife's] attorney fees and costs.
>
> . . . .
>
> IT IS THEREFORE ORDERED granting, in part, [Wife's] request for attorney fees and costs.  The Court will award the amount of those fees which, in equity, based upon the disparity of financial resources between the parties, is appropriate.
>
> IT IS FURTHER ORDERED that [Husband] shall pay *a portion* of [Wife's] reasonable attorney fees and costs.  Not later than

-------------------------

[1] We cite to the current versions of statutes when no changes material to this opinion have since occurred.

December 9, 2013, counsel for [Wife] shall submit all necessary and appropriate documentation to support an application for a partial award of attorney fees and costs, including a *China Doll* Affidavit and a form of order. By no later than December 23, 2013, Father shall file any written objection. The Court shall determine the award and enter judgment upon review of the Affidavit as well as any objections.

The court ultimately entered judgment in favor of Wife in the amount of $50,000 plus interest.

¶3            Husband timely appealed.[2]  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2015).[3]

## DISCUSSION

¶4            Husband argues the family court abused its discretion in granting Wife's request for attorneys' fees and costs pursuant to A.R.S. § 25-324(A).  Section 25-324(A) provides that the family court can award attorneys' fees after considering the parties' financial resources and the reasonableness of their positions during the proceedings.  *See Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004) (stating that reasonableness of the parties' positions and financial resources are two separate considerations, "and an applicant need not show both a financial disparity

---

[2] Wife states in her answering brief that she also filed a notice of appeal. We have reviewed the record and could not find such a notice of appeal. Accordingly, the only appeal before us is Husband's appeal from the award of attorneys' fees and costs.

[3] After the family court ruled on the issue of attorneys' fees, Wife filed a motion for new trial, a motion to alter or amend the decree, and a motion for relief from the decree pursuant to Arizona Rule of Family Law Procedure 85(C).  Husband filed an appeal with this Court.  In an unsigned minute entry, the family court denied the motion for new trial and the motion to alter or amend the decree.  In November 2014, this Court stayed Husband's appeal pursuant to former ARCAP 9.1 and *Eaton Fruit Co. v. California Spray-Chemical Corp.*, 102 Ariz. 129, 130 (1967), and revested jurisdiction in the family court for the purpose of permitting the family court to consider an application by Wife for a signed order.  *See* ARCAP 9(e)(2) ("[I]f a notice of appeal is filed during the pendency of [certain] motion[s] . . . the appeal will be suspended until the last such motion is decided.").  The family court issued a signed minute entry in November 2014 ruling on the pending motions.  On appeal, Wife argues this appeal is premature because the family court has not ruled upon or entered any order with respect to the motion for relief from judgment pursuant to Rule 85(C). In its minute entry, however, the family court stated that "[b]y this order, the Court also intended to deny Mother's various arguments for relief under Rule 85(C), Arizona Rules of Family Law Procedure even though the rule was not specifically named."  Because all of the pending motions have been resolved, we have jurisdiction over this appeal.  *See* ARCAP 9(c) ("A notice of appeal . . . filed after the superior court announces an order or other form of decision—but before entry of the resulting judgment that will be appealable—is treated as filed on the date of, and after the entry of, the judgment.").

and an unreasonable opponent in order to qualify for consideration for an award").

¶5        "[W]e review a [family] court's award or denial of attorney[s'] fees for an abuse of discretion." *Democratic Party of Pima Cnty. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012). "To find an abuse of discretion, there must either be no evidence to support the [family] court's conclusion or the reasons given by the court must be clearly untenable, legally incorrect, or amount to a denial of justice." *Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 335-36, ¶ 39 (App. 2009) (citation omitted). "When there is no request for findings and the [family] court does not make specific findings of fact, we must assume that the [family] court found every fact necessary to support its [ruling] and must affirm if any reasonable construction of the evidence justifies the decision." *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001) (last alteration in original) (internal quotation marks and citations omitted).

I.    The family court did not abuse its discretion by awarding Wife her reasonable attorneys' fees and costs.

¶6        Husband argues that the record does not support the family court's finding that a substantial disparity in financial resources existed between the parties. To support his argument, Husband relies on his testimony regarding his income and recent employment. Husband, however, has not provided this Court with a transcript of the trial. "A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal. When a party fails to include necessary items, we assume they would support the court's findings and conclusions." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (internal citations omitted); *see also* ARCAP 11(b); *Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, ¶ 8 (App. 2005); *Johnson v. Elson*, 192 Ariz. 486, 489, ¶ 11 (App. 1998). Given this assumption, the court did not err by finding that a financial disparity existed between the parties.

II.    Wife's application for attorneys' fees and costs was reasonable.

¶7        Husband argues that Wife's application for attorneys' fees was unreasonable. Although most of Husband's brief addresses what comprises an adequate fee request, we construe his arguments to be that the billing statement was not sufficiently detailed, the billing rate was too high, and the hours claimed were not reasonably expended given that Wife was unsuccessful on various motions. We disagree with Husband's arguments.

¶8 "In order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188 (App. 1983). Husband argues that there are sections within the billing statement that do not allocate time as required by *China Doll*. To support his argument, Husband highlights one example, a time entry for 4.5 hours allocated to "[p]reparation for and deposition examination of respondent." Husband claims that based on this designation, there is no way to tell how much time was allocated to the preparation and how much to the deposition examination. He further notes that the entry immediately prior for 3.5 hours was for work related to the exact same deposition. We disagree with Husband's characterization of the entries, and find that Wife's fee affidavit, as required by *China Doll*, disclosed "the type of legal services provided, the date the service was provided, the attorney providing the service . . . and the time spent in providing the service." *Id*.

¶9 Husband also argues that the award was excessive because not all of Wife's motions before the family court were successful. He specifically argues that "Wife filed numerous motions, including but not limited to: Motion to Compel Discovery, Motion to Allow Additional Trial Evidence, and Motion to Disqualify a Trial Judge for Cause," and that "these motions were unsuccessful, but incurred significant attorneys' fees." To support his argument, Husband relies on *China Doll*, in which this Court stated that "[w]here a party has achieved only partial or limited success . . . it would be unreasonable to award compensation for all hours expended, including time spent on the unsuccessful issues or claims." *Id*. at 189. However, in that same case, this Court also stated that "where a party has accomplished the result sought in litigation, fees should be awarded for the time spent even on unsuccessful legal theories." *Id*. "The prevailing party on appeal is 'entitled to recover a reasonable attorneys' fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit' of a successful appeal." *Id*. at 188 (citation omitted). We find no abuse of discretion in including these fees. Furthermore, even if this one alleged deficiency had any merit, we note Wife asked for $85,725 in attorneys' fees and $3,875.66 in costs, and the family court limited that award to $50,000. We will assume that any such alleged deficiency was accounted for in the amount of fees the court denied.

¶10 Moreover, once a party establishes an entitlement to fees and meets the minimum requirements in its application and affidavit, as Wife did here, the burden shifts to the opposing party to demonstrate the

impropriety or unreasonableness of the fee request. *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38 (App. 2007). "[A]n opposing party does not meet [that] burden merely by asserting broad challenges to the application. It is not enough . . . simply to state, for example, that the hours claimed are excessive and the rates submitted too high." *Id.* Because the remainder of Husband's arguments are broad in nature without any challenge to specific items in the fee request, we find them to be unpersuasive. Accordingly, we find no abuse of discretion in the family court's award of attorneys' fees and costs to Wife.

**CONCLUSION**

¶11        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama