NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TIFFANY LYNN GOODARD, *Petitioner/Appellee,*

*v.*

FRANK L. GOODARD, JR., *Respondent/Appellant.*

No. 1 CA-CV 20-0658 FC
FILED 10-26-2021

Appeal from the Superior Court in Maricopa County
No. FC2017-051703
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Corl Law Practice, PLLC, Maricopa
By Robert D. Corl
*Counsel for Petitioner/Appellee*

Frank L. Goodard, Jr., Gaffney, South Carolina
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1          Frank L. Goodard, Jr. ("Father") appeals from the superior court's order awarding Tiffany Lynn Goodard ("Mother") her attorneys' fees and costs following a hearing on Father's motion to enforce parenting time and Mother's petition to modify parenting time.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Mother filed for dissolution after fourteen years of marriage and two children, both of whom are minors.  Mother alleged Father committed acts of domestic violence against her and the children.  Following dissolution proceedings, the court entered its decree, awarding Mother sole legal decision-making authority over both children.  Mother was also named as the primary custodial parent, though Father was awarded unsupervised parenting time one weekend per month.  Father was also ordered to pay $812 per month in child support.

¶3          About a year later, Father filed a petition to enforce his parenting time, arguing Mother was not complying with the parenting time order and was withholding the children from him.  Mother then filed for emergency temporary orders and a petition to modify parenting time.  Mother sought to suspend Father's unsupervised parenting time, arguing the acts of domestic violence between the parties had "intensified" over the past few months.  Mother alleged the children were suffering from PTSD due to Father's actions, and neither child wanted to have visitation with Father.  Mother requested the court suspend Father's parenting time until the parties successfully completed a reunification program and Father could demonstrate contact with his children would not harm them.

¶4          The court held a hearing on Mother's motion for temporary orders, and suspended Father's parenting time until a hearing could be held on Father's petition to enforce parenting time and Mother's petition to modify parenting time.  The court also appointed a court advisor to

investigate the allegations of abuse against the children and make recommendations to the court.

¶5 At a hearing on the parties' petitions, the court heard testimony from both parents, as well as the children's therapist. Father did not admit or deny the domestic-violence allegations, and admitted he suffered from alcoholism. Based on the evidence presented, the court found that "unrestricted parenting time by Father would endanger the children's physical, mental, moral or emotional [health]," and that "Father has shown no proof of successful treatment for his alcohol abuse or for domestic violence." The court denied Father's petition to enforce parenting time. The court ordered that Father have no parenting time until he submitted clean alcohol testing results for four months, engaged in a substance abuse program, completed a twenty-six week domestic-violence program, and completed a parenting class. After completion of these requirements, Father could then engage with a therapeutic interventionist "to aid him in establishing a healthy relationship with the children."

¶6 The court awarded Mother her attorneys' fees and costs under Arizona Revised Statutes ("A.R.S.") section 25-324, finding Father acted unreasonably throughout litigation, and his petition to enforce parenting time was not filed in good faith. The court directed Mother to "submit all necessary and appropriate documentation to support an application for an award of attorney fees and costs, including a *China Doll* Affidavit and a form of order." The court stated if Mother failed to submit the documentation by September 25, 2020, "no fees or costs will be awarded."

¶7 Mother filed her application for attorneys' fees and supporting documentation before the court's deadline but failed to include a form of order. Father filed an objection to the application for attorneys' fees, arguing the fee application was deficient and Mother failed to include a form of order as directed by the court. Mother subsequently provided the court with an untimely form of order, and on October 21, 2020, the court awarded Mother $10,000 in attorneys' fees and $200 in costs.

¶8 On the same day, Father filed a motion for reconsideration and a notice of appeal from the court's order awarding attorneys' fees and costs. The superior court denied Father's motion for reconsideration.[1]

---

[1] Because Father filed a notice of appeal prior to the superior court ruling on his motion for reconsideration, the superior court lacked

## DISCUSSION

I.    Jurisdiction

**¶9**         In his opening brief, Father attempts to appeal multiple orders and rulings, including (1) the superior court's order awarding attorneys' fees and costs; (2) the denial of his motion for reconsideration; (3) the denials of two contempt motions; (4) the denial of his objection to a ruling ordering him to pay for part of his children's medical expenses; and (5) the superior court's order modifying parenting time. However, Father's notice of appeal only stated he was appealing the October 21, 2020 order awarding attorneys' fees and costs. We lack jurisdiction to consider matters not contained in Father's notice of appeal. *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982) ("In the absence of a timely notice of appeal following entry of the order sought to be appealed, we are without jurisdiction to determine the propriety of the order sought to be appealed.").

**¶10**        Notwithstanding Father's defective notice of appeal, his appeal is untimely as to the court's order modifying parenting time; the court's order was filed September 3, 2020, and Father filed his notice of appeal over two months later on November 12, 2020. *See* ARCAP 9(a) ("To appeal a judgment, a party must file a notice of appeal under Rule 8 no later than 30 days after entry of the judgment from which the appeal is taken . . . .").[2] The remaining orders are not appealable. *See* A.R.S. § 12-2101(A); *see also In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3 (App. 2000) (the denial of a motion for reconsideration may be appealable under A.R.S. § 12-2101(A)(2) as a special order after judgment, but only if it raises "different issues than those that would be raised by appealing the underlying judgment."); *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 145, ¶ 13 (App. 2009)

_____

jurisdiction to rule on this motion. *See City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 381 (App. 1993) (when a party files a notice of appeal before superior court has an opportunity to rule on motion for reconsideration, court is divested of jurisdiction). Therefore, the ruling is without effect.

2        *Yee v. Yee*, 251 Ariz. 71, 74-75, ¶ 12 (App. 2021) holds that Ariz. R. Fam. Law P. ("Rule") 78(b) does not apply to post-decree orders, and thus, ordinarily, the modification order would not have been appealable until the attorneys' fees issue was resolved. However, the modification order in this case pre-dates *Yee*, and the order included Rule 78(b) language, making it immediately appealable at the time it was issued.

(contempt rulings are not appealable and only reviewable by special action).

¶11            We lack jurisdiction to address Father's arguments regarding the above-mentioned rulings and orders. Accordingly, we discuss only his arguments concerning the attorneys' fees and costs order. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

II.      Order for Attorneys' Fees and Costs

¶12            We review the superior court's award of attorneys' fees for an abuse of discretion. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18, (App. 2004). An abuse of discretion occurs if there is no evidence to support the court's decision or the court commits an error of law. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006).

¶13            Father first argues the superior court erred in awarding attorneys' fees and costs because Mother submitted a form of order after the court's deadline. However, the court has the discretion to consider untimely filings and to extend its own deadlines. *See State v. Zimmerman*, 166 Ariz. 325, 328 (App. 1990). The superior court did not err in accepting the untimely form of order.

¶14            Father also argues Mother's *China Doll* affidavit was inadequate. Father does not expand on this argument, and he fails to explain how the affidavit did not meet the requirements pursuant to *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183 (App. 1983). *China Doll* requires counsel to prepare an affidavit indicating "the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the appeal) and the time spent in providing the service." *Id.* at 188. Mother's counsel complied with these requirements. Father fails to specify which time entries are improper. We find no error.

¶15            *China Doll* also states that "the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Id.* In the affidavit, Mother's counsel noted that some "billing statements may have been redacted to protect attorney-client privilege," and if required by the court, counsel would provide "the full bills [to] be reviewed in camera by the [c]ourt." Father argues counsel "should have provided the detailed billing to [him] instead of hiding it via in camera review." However, time entries for email or phone conversations between Mother and her counsel are protected by attorney-client privilege, and Mother's counsel was not required to disclose to Father the details of such

conversations. *See Burch & Cracchiolo, P.A. v. Myers*, 237 Ariz. 369, 374, ¶ 17 (App. 2015) ("The attorney-client privilege safeguards the communication between the attorney and client made in the course of the attorney's professional employment.") (internal quotation marks and citation omitted). The affidavit contained sufficient information to support the time Mother's counsel billed. We find no error.

¶16 Finally, Father argues the attorneys' fees and costs order is a violation of his and his children's "inherent and indefeasible rights, privileges, and immunities secured by the Federal and State Constitutions," and "the order is a direct result of state action against a Fit Parent." However, the court has wide discretion to award attorneys' fees in family law proceedings, and the court can award attorneys' fees against even "fit parents." *See Orfaly*, 209 Ariz. at 265, ¶ 18 (noting the court's discretion in attorneys' fee awards); A.R.S. § 25-324 (listing the factors the court considers when deciding to award attorneys' fees, which does not include "parental fitness"). Father fails to explain how his and his children's constitutional rights have been violated. We find no error.

## CONCLUSION

¶17 For the foregoing reasons, we affirm. Mother requests her attorneys' fees and costs on appeal. Father, who is self-represented, also requests we award him fees and costs incurred on appeal. After considering the financial resources of the parties and the reasonableness of the positions on appeal, in the exercise of our discretion, we deny Father his request. *See* A.R.S. § 25-324(A). We award Mother her reasonable attorneys' fees and costs upon compliance with ARCAP 21.

