NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PAUL PEREZ, *Plaintiff/Appellee,*

*v.*

HELENA PEREZ, *Defendant/Appellant.*

No. 1 CA-CV 21-0341
FILED 2-3-2022

Appeal from the Superior Court in Maricopa County
No. CV2016-054905
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Gerald D. Sherrill Attorney at Law, Scottsdale
By Gerald D. Sherrill
*Counsel for Plaintiff/Appellee*

Helena Perez, Flagstaff
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**H O W E**, Judge:

**¶1**          Helena Perez ("Helena")[1] appeals the trial court's award of $48,555.00 in attorneys' fees and $2,208.11 in costs to Paul Perez ("Paul") as a sanction against her for recording a groundless *lis pendens* in violation of A.R.S. § 33–420. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          This is the second appeal resulting from a familial dispute over real property. In November 2016, Paul filed a complaint against Helena, his sister, to quiet title to real property in Phoenix, Arizona. He also alleged Helena recorded a groundless *lis pendens* and sought statutory damages under A.R.S. § 33–420. After Helena's extensive motion practice, the trial court granted partial summary judgment for Paul on the quiet title claim but left for the jury whether Helena had recorded a groundless *lis pendens*.

**¶3**          After a two-day trial, a jury found that Helena had recorded a groundless *lis pendens* and awarded Paul $5,000 in damages under A.R.S. § 33–420(A). Paul then requested $59,117.59 in attorneys' fees and $2,633.72 in costs under A.R.S. § 33–420(A), which requires the court to award attorneys' fees and costs to the "owner or beneficial title holder" that incurred fees and costs in removing a groundless *lis pendens*.

**¶4**          Before the trial court signed the final judgment, however, Helena filed for bankruptcy. Once the bankruptcy stay had lifted, Helena filed extensive motions relitigating matters determined by the summary judgment and trial. The trial court denied Helena's motions and signed a final judgment awarding Paul $59,117.59 in attorneys' fees and $2,633.72 in costs. Helena appealed that decision.

---

[1]          Because the two parties share a last name, this court, with respect, will refer to the parties individually by their first names.

**¶5**            In that first appeal, this court affirmed the jury trial and partial summary judgment but found that the trial court erred in awarding Paul all his fees and costs. *See Perez v. Perez*, No. 1 CA-CV 19-0593, 2020 WL 3443451, at *3 (Ariz. Ct. App. May 23, 2020) ("*Perez* 1"). This court found that Paul had "only requested attorneys' fees pursuant to A.R.S. § 33–420," the groundless *lis pendens* claim, and that he "did not comply with the requirements under A.R.S. § 12–1103(B)" for attorneys' fees under his quiet title action. *Id*. This court therefore remanded to the trial court to redetermine Paul's attorneys' fees award, requiring Paul to apportion his fees for the groundless *lis pendens* claim only. *Id*.

**¶6**            On remand, Paul filed his first amended application for attorneys' fees and costs. Along with an affidavit by his attorney, the application contained an itemized list of activities that his attorney had performed and the time each activity had taken. The list also contained the hourly rate and the total amount charged for each activity. To conform with this court's mandate in *Perez* 1, Paul's attorney circled the amounts pertaining to the *lis pendens* proceeding. For entries that included portions unrelated to the *lis pendens*, such as summary judgment oral argument and preparation, Paul apportioned one-third the total amount—if he apportioned any amount. In total, Paul requested $50,795.61 in attorneys' fees and $2,208.11 in costs related to the groundless *lis pendens*.

**¶7**            Helena opposed the "unlawful examples of ex parte entries" to the court, misappropriations of non-litigation fees, duplicate fees, "padded" charges, and other irrelevant fees, including reviewing the superior court's audio/visual equipment and researching and reviewing bond requirements. Helena also asserted that Paul had committed fraud on the court after finding that the fee application included billing entries involving Victoria Clarke, who had notarized a quitclaim deed "central to this litigation" and requested an evidentiary hearing. The subject entries stated: "Draft correspondence to Victoria Clark re: notarization" and "Telephone conference from John Clarke re: Victoria Clark." From those entries, Helena inferred that Paul and his attorney had been in contact with the notary despite telling the court otherwise during the two-day trial subject to the first appeal. She had made similar claims throughout the litigation.

**¶8**            In his reply, Paul argued why the charged fees were not "padded" and how they related to the *lis pendens* proceeding. He also stated that the trial court had heard and rejected Helena's fraud claim as meritless. He conceded, however, that a few entries were not properly apportioned,

struck those entries, and modified his request to $48,587.50 in attorneys' fees and $2,208.11 in costs.

**¶9**        After a hearing, the trial court awarded Paul $48,555.00 in attorneys' fees and $2,208.11 in costs. The trial court found that Helena's objections were unfounded and that the fees were reasonable under the circumstances and "appropriately limited" to the *lis pendens* matter. Helena timely appeals.

## DISCUSSION

**¶10**        Helena appeals the trial court's judgment awarding $48,555.00 in attorneys' fees and $2,208.11 in costs and asserts that the trial court erred in not holding another evidentiary hearing to determine whether Paul and his attorney had committed fraud on the court. We review the superior court's award of attorneys' fees and costs for an abuse of discretion and affirm if the court's award has any reasonable basis, *Maleki v. Desert Palms Pro. Properties, L.L.C.*, 222 Ariz. 327, 333–34 (App. 2009). We similarly review a denial of an evidentiary hearing for an abuse of discretion. *See Hutki v. Hutki*, 244 Ariz. 39, 42 ¶ 15 (App. 2018).

**¶11**        When apportioning fees under A.R.S. § 33-420, the fees requested cannot involve work done for the separate quiet title and preliminary injunction claims and proceedings. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187 (App. 1983); *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621 (App. 1991) (holding that determination whether a *lis pendens* is groundless "should not involve a decision on the merits of the underlying actions"). In assessing the reasonableness of the apportioned fees, courts consider (1) the qualities of the lawyer; (2) the character of the work to be done; (3) the work the lawyer performed; and (4) the result. *Schweiger*, 138 Ariz. at 187. Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit, the burden shifts to the party opposing the fee award to show the impropriety or unreasonableness of the requested fees. *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490–91 ¶ 38 (App. 2007). To successfully challenge an award of attorneys' fees, the opposing party must do so with specificity. *Cook v. Grebe*, 245 Ariz. 367, 370 ¶ 11 (App. 2018).

**¶12**        The trial court did not abuse its discretion in awarding $48,555.00 in attorneys' fees and $2,208.11 in costs for the *lis pendens* proceedings. The $325.00 hourly rate was reasonable considering the character of the work in the real estate field and the attorneys' related skill and three-decades' experience. The application contained itemized line-entries detailing the work done. The apportioned line-entries mainly

involved work after the court's summary judgment decision and in preparation for trial. Although Helena objected to some of the procedural and research-based fees, they were reasonable considering the nature of the claims and were required for effective trial preparation and administration. *See Schweiger*, 138 Ariz. at 188.

**¶13**        Many line items that did not relate only to the *lis pendens* matter were reduced according to the amount spent on the *lis pendens* issue. If the line entry could not be easily broken down by issue, such as "Continue drafting Complaint, Application for Preliminary Injunction, Motion for Accelerated Ruling[,]" Paul apportioned one third the amount of the total fee for that entry because the *lis pendens* issue comprised one of three causes of actions in the complaint. After considering Helena's objections and hearing argument, the court determined Paul's requested fees reasonable and properly apportioned at the one third rate. Absent the hearing transcripts to prove otherwise, this court must presume that the hearing supported the trial court's finding that the one-third apportionment was proper in the circumstances. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

**¶14**        For those line items that Paul did not apportion by either one third or by another specific amount, such as "Review Helena's Response to Request to Extend deadline for filing Reply Brief[,]" they were required to maintain the *lis pendens* cause of action. While an award of fees under A.R.S. § 33–420(B) should not include fees for "a decision on the merits of the underlying action," *Evergreen*, 167 Ariz. at 621, the court does not abuse its discretion by including those fees that were necessarily intertwined with the continuing *lis pendens* action, *see City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 194 (App. 1994) (the trial court has discretion to award fees for a claim that is intertwined with one for which fees are not awardable.). Paul's actions in reviewing the procedural motions and filings before summary judgment were necessarily intertwined with his *lis pendens* cause of action and the trial court did not abuse its discretion in awarding the whole fee amount for those entries. *See id.* On this record and briefing, the trial court did not abuse its discretion in awarding $48,555.00 in attorneys' fees and $2,208.11 in costs for the *lis pendens* proceedings.

**¶15**        Helena nonetheless argues that Paul needed to apportion only one-fifth of fees that contained work done to the *lis pendens* and other issues because the court of appeals reviewed five issues. But Paul raised only three causes of action in his complaint and the trial court was within its discretion to accept the one-third reductions. Because Helena has failed to make further specific challenges in her opening brief, *Cook*, 245 Ariz. at

370 ¶ 11, she has abandoned the arguments on appeal, *see Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180 ¶ 17 (App. 2004) (this court considers an issue not raised in an appellant's opening brief as abandoned or conceded), and has thus failed to rebut the presumption that the court properly reviewed for apportionment, *see Hart v. Hart*, 220 Ariz. 183, 188 ¶ 18 (App. 2009) (appellate courts presume the trial court knows the law and applies it correctly); *see also Brewer v. Peterson*, 9 Ariz.App. 455, 458 (1969) ("The controlling law, as we see it, is that an appellate court must assume that the [trial] court did no wrong, in the absence of a showing to the contrary.").

**¶16** Helena next argues that the trial court erred in not holding an evidentiary hearing to determine whether Paul and his attorney committed fraud on the court by having contact with Clark. She asserts that the causes of action are based on fraud and therefore invalid. But Helena appealed only the award of fees under A.R.S. § 33–420 and cannot now raise unrelated issues.

## CONCLUSION

**¶17** Paul requests his attorneys' fees on appeal under A.R.S. § 33–420. Paul is statutorily entitled to his reasonable attorneys' fees on appeal under A.R.S. § 33–420, *Janis v. Spelts*, 153 Ariz. 593, 598 (App. 1987), which we award upon compliance with Rule 21, Rules of Civil Appellate Procedure. For the reasons stated, we affirm the trial court's award of attorneys' fees and costs.



AMY M. WOOD • Clerk of the Court
FILED:   AA