NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

EMILY HELMER, *Plaintiff/Appellee,*

*v.*

FRANCISCO PADILLA, et al., *Defendants/Appellants.*

No. 1 CA-CV 22-0507
FILED 5-9-2023

---

Appeal from the Superior Court in Maricopa County
No.  CV2022-090805
Hassayampa Justice Court
No. CC2022013477EA
The Honorable Brian Kaiser, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Evans Dove Nelson Fish & Grier, PLC, Mesa
By Douglas N. Nelson, H. Lee Dove, Trevor J. Fish
*Counsel for Plaintiff/Appellee*

Law Offices of Kenneth P. Bemis, Phoenix
By Kenneth P. Bemis
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**P A T O N**, Judge:

¶1 Francisco Padilla and Veronica Hunt ("Occupants") appeal a superior court judgment finding them guilty of special/forcible detainer in favor of Emily Helmer ("Owner"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 We view facts in the light most favorable to affirming the superior court's ruling. *Hammoudeh v. Jada*, 222 Ariz. 570, 571, ¶ 2 (App. 2009). Occupants rented a home from Owner for several years. In August 2021, Occupants and Owner signed a one-month lease agreement that would automatically continue on a month-to-month basis with the same terms and conditions. The agreement provided that either party could terminate the agreement by providing thirty days' notice to the other party after the initial one-month term ended.

¶3 Owner timely mailed a "Notice of Nonrenewal of Lease Agreement" by certified mail to Occupants at the home and to their attorney at his office, informing them that their tenancy would end in November 2021. The certified mailings were returned to Owner as unclaimed a few days later. Occupants remained on the property past November 2021, and attempted to continue paying rent, but Owner refused to accept the payments and filed a forcible entry and detainer ("FED") action in justice court in January 2022.

¶4 The action was transferred to the superior court at Occupants' request, and the superior court held a hearing on June 14, 2022. Occupants requested a jury trial, but the court found that they had not set forth a defense that warranted a trial and issued a signed judgment finding Occupants guilty of forcible detainer. The court found that Occupants had wrongfully remained in possession of the property since November 2021 and awarded Owner immediate possession of the property, a writ of restitution, rent and late fees, willful holdover damages, post-judgment interest, court costs, and $2,500 in attorneys' fees. After a hearing, the court

granted the Occupants' request to stay execution on the judgment and issuance of the writ of restitution conditioned on the Occupants' posting of a supersedeas bond, their continual payment of rent as it became due, and their prosecution of a promised appeal to its conclusion.

**¶5** Plaintiff timely appealed. We have jurisdiction pursuant to Article Six, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") Sections 12-2101(A)(1), -120.21(A)(1), and -1182(A).

## DISCUSSION

**¶6** Occupants contend that the superior court erred in its application of Rules 11(c) and (e) of the Arizona Rules of Eviction Procedure and Section 12-1176(B) by denying their request for a jury trial before issuing its FED judgment. They claim the court abused its discretion by finding no material fact in dispute that would require a jury trial. They also argue the attorneys' fees awarded to Owner were excessive.

**¶7** Occupants briefly mention they also appeal the court's subsequent supersedeas bond ruling. But their briefing contains no argument or support for this challenge, so they have waived this argument. *See* Ariz. R. Civ. App. P. 13(a)(7) (Opening brief must contain contentions concerning each issue presented for review, with support.); *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (considering all inadequately supported arguments waived); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶¶ 61-62 (App. 2009) (same).

I. **The superior court did not err when it denied Occupants' request for a jury trial.**

**¶8** Occupants claim they were entitled to a jury trial in the FED action under Eviction Rule 11 and Section 12-1176(B) because they raised genuine issues of material fact. A FED action is a statutory proceeding intended to provide a "summary, speedy and adequate means" for the person entitled to possession of the property to obtain actual possession. *Heywood v. Ziol*, 91 Ariz. 309, 311 (1962). The right of actual possession is the only issue in a FED action, and "the merits of title shall not be inquired into." A.R.S. § 12-1177(A). A person is guilty of forcible detainer if she willfully holds over any real property after her lease expires and her landlord demands possession of the property in writing. A.R.S. §§ 12-1171(3), -1173(1).

**¶9** Section 12-1176(B) provides that a defendant in a FED action may request a jury trial "on appearing and the request shall be granted."

But Eviction Rule 11(c) only requires a trial in a FED action if the court determines that "a defense or proper counterclaim may exist." Further, even when a party requests a jury trial, Rule 11(e) provides for disposition of a FED matter by bench trial, motion, or otherwise "in accordance with [the FED] rules, as appropriate."

¶10 We resolved the apparent tension between the statutory mandate to grant a jury trial at either party's request with Eviction Rule 11's summary disposition absent a jury trial in *Montano v. Luff*, 250 Ariz. 401 (App. 2020). There, we held that Rule 11(e) (since renumbered from "11(d)") is analogous to the rule authorizing summary judgment in civil cases despite a party's request for jury trial. *Montano*, 250 Ariz. at 406, ¶ 16; *see* Ariz. R. Civ. P. 56. Just as disposition by summary judgment does not "deprive a plaintiff of his constitutional rights to a jury trial" when there are no genuine issues of fact for a jury to consider, summary disposition under Eviction Rule 11(e) similarly does not violate the statutory right to trial by jury in FED actions. *Montano*, 250 Ariz. at 406, ¶ 16 (quoting *Cagle v. Carlson*, 146 Ariz. 292, 298 (App. 1985) for constitutionality of summary judgment).

¶11 Occupants argue that material factual disputes exist as to their claimed status as "parties with an option to purchase" as opposed to "tenants," whether a month-to-month tenancy existed, and whether the eviction proceeding was "retaliatory to impede the option to purchase." Specifically, they contend that an earlier purchase-option agreement from 2016 that was not referenced or discussed in the 2021 lease agreement controlled the relationship between the parties as to the property. Inquiry into the existence of and rights flowing from an alleged "option to purchase," however, is an inquiry into title forbidden by the FED statutes. *See Taylor v. Stanford*, 100 Ariz. 346, 348 (1966) (holding that a plaintiff could not use a FED action to enforce an alleged purchase contract because proving its validity would impermissibly focus on title in a "full-blown trial for specific performance"); A.R.S. § 12-1177(A) (forbidding inquiring into the merits of title in a FED action). Thus, the only alleged factual dispute that would require a jury trial would have to involve Occupants' right to possession.

¶12 The court considered the parties' signed month-to-month lease, as well as evidence that Owner provided adequate notice of that lease's termination. Occupants did not dispute the existence of the lease agreement or challenge the adequacy of notice of its termination. They only disputed the validity of the lease agreement by alleging they had signed it

under duress, which the court rejected. Occupants raised no alternative ground for a right to possess the property.

**¶13** Even if the lease agreement were invalid, Occupants would have possessed the property under a statutory month-to-month lease. *See* A.R.S. § 33-1314(B)–(D) (providing that in the absence of a written agreement a residential tenancy exists month-to-month for which the tenant pays fair rental value). Thus, under either scenario, a month-to-month tenancy existed and there was no dispute over whether Owner complied with its notice requirements. *See* A.R.S. § 33-1375(B)–(C) (notice requirements for terminating month-to-month tenancy).

**¶14** In sum, pursuant to *Montano* and the Eviction Rules, the superior court did not abuse its discretion in denying Occupants' request for a jury trial. It examined Occupants' claimed factual disputes and concluded they related solely to title, not possession, of the property — the latter of which is the sole subject of a FED action. The superior court's denial of Occupants' request for a jury trial therefore implied a finding of no material dispute of fact between the parties. *See Montano*, 250 Ariz. at 406, ¶ 14 (finding implicit determination of no factual defense to a FED complaint when superior court finds FED matter not subject to jury trial).

## II. **The superior court did not award excessive attorneys' fees to Owner.**

**¶15** Occupants do not dispute that Owner is entitled to attorneys' fees if we affirm the judgment but argue that we should reduce the $2,500 in fees awarded to Owner. Eviction Rule 13(f) requires the court to award "[r]easonable" attorneys' fees "to the prevailing party if the court determines that such fees are provided for by statute or in a written contract." We review an attorneys' fees award for an abuse of discretion. *Sunland Dairy LLC v. Milky Way Dairy LLC*, 251 Ariz. 64, 70, ¶ 28 (App. 2021).

**¶16** The actual billing rate a lawyer charges in a particular matter is the "beginning point" for determining the reasonableness of a fee because "in corporate and commercial litigation between fee-paying clients, . . . the rate charged . . . is the best indication of what is reasonable under the circumstances of the particular case." *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 187–88 (App. 1983). But a court may use a lower rate when an opposing party sets forth reasons why the actual rate was unreasonable, *id.* at 188. That rate may then be applied to hours expended that "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Id.* at 188 (citation omitted).

¶17        Here, Owner's attorney explained on the record that he charged $350 per hour for work on the FED proceeding and that he had spent approximately seven hours on it. The superior court found the $2,500 request to be reasonable, limited the award to that amount, and did not require Owner to file a *China Doll* affidavit—the production and filing of which, the court noted, would have entitled Owner to additional fee recovery from the Occupants. Under these circumstances, the superior court did not abuse its discretion in awarding Owner $2,500 in attorneys' fees.

¶18        Owner also requests attorneys' fees on appeal. We grant Owner's reasonable attorneys' fees on appeal pursuant to Section 12-1178(A) and, as the prevailing party, her reasonable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(b).

## CONCLUSION

¶19        We affirm.

